RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
112 E. Amerige Ave., Suite 240
Fullerton, CA 92932
Telephone: 833-729-5529
Facsimile: 833-972-9546
E-mail: ray@raykimlaw.com

LAW OFFICES OF RICHARD KIM
Richard Kim (SBN 272184)
6131 Orangethorpe Ave., Suite 370
Buena Park, CA 90620
(714) 276-1122

Attorneys for Plaintiffs
Kristin Renault, Phillip Renault, and Julia Brucato

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| KRISTIN RENAULT, PHILLIP RENAULT, and JULIA BRUCATO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AVALONBAY COMMUNITIES, INC. and DOES 1-5. <br><br> Avalon Bay. | Case No.: <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiffs Kristin Renault, Phillip Renault, and Julia Brucato ("**Plaintiffs**"), individually and on behalf of all others similarly situated, bring this Class Action Complaint ("**Complaint**") against defendant Avalon Bay Communities, Inc. ("**Avalon Bay**"), and alleges as follows:

## SUMMARY OF ACTION

1. Plaintiffs, individually and on behalf of all others similarly situated, bring this action for damages and other legal and equitable remedies, based on: (i) the unlawful, unfair and fraudulent conduct of Avalon Bay in charging unsubstantiated cleaning, repair, and/or replacement fees to Plaintiffs upon the termination of their leasehold and deducting these charges from their security deposits; (ii) failing to provide a copy of an itemized and/or substantiated statement indicating the basis for, and the amount of, any security received and the disposition of the security within 21 days of Plaintiffs vacating the respective leased premises owned and managed by Avalon Bay; (iii) unlawfully retaining some or all of Plaintiffs' security deposits and seeking amounts not owed; and (iv) making false, deceptive and/or misleading representations in an attempt to collect on amounts that were not collectable, including but not limited to falsely stating in security deposit statements that Plaintiffs owed hundreds to thousands of dollars and attempting to collect on unsubstantiated charges that Plaintiffs did not owe by virtue of Avalon Bay's failure to comply with the Security Deposit Act.

2. In so doing, Avalon Bay violated the: (i) California Security Deposit Act, Civil Code § 1950.5 ("**Security Deposit Act**"); (ii) Rosenthal Fair Debt Collection Practices Act ("**Rosenthal Act**"); and (iii) California Unfair Competition Law ("**UCL**"), Business and Professions Code § 17200.

3. With respect to Avalon Bay's failure to issue statutorily compliant security deposit statements and unlawful attempts to collect on amounts not owed, pursuant to the applicable statutes, Plaintiffs seek an injunction and public injunctive relief ordering that, moving forward, Avalon Bay timely issue to tenants who have

vacated the premises itemized statements listing the charges incurred and deducted by Avalon Bay to repair or clean the premises, in compliance with Civil Code § 1950.5(g); and Avalon Bay cease from attempting to collect Amounts Due based on defective Statements of Deposit Activity from Class members.

## THE PARTIES

4. Plaintiff Kristin Renault is an individual consumer residing in the State of California, Orange County.

5. Plaintiff Phillip Renault is an individual consumer residing in the State of California, Orange County.

6. Plaintiff Julia Brucato is an individual consumer residing in the State of California, Los Angeles County.

7. Defendant Avalon Bay is a publicly traded real estate investment trust (NYSE: AVB) that develops, redevelops, acquires and manages apartment homes across the United States. According to the National Multifamily Housing Council, as of January 1, 2024 Avalon Bay owns 82,565 apartment units in the United States. Avalon Bay is the 5th largest owner of apartments in the United States. Avalon Bay is a Maryland corporation with its headquarters in Arlington, Virginia.

8. Doe Avalon Bay 1-5 are companies and/or individuals who failed issue complete itemized statements relating to tenants'

9. + security in compliance with the California Security Deposit Act, Civil Code § 1950.5(g). Plaintiffs are yet uninformed of the nature and extent of any interest that the persons sued as Does 1-5 inclusive may have in the subject of the Complaint. Plaintiffs therefore sues these defendants by fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(1). Plaintiffs bring a class action under Federal

Rule of Civil Procedure 23. Plaintiffs Kristin Renault and Phillip Renault and defendant Avalon Bay are citizens of different states, and on information and belief, the amount in controversy exceeds the sum of $5,000,000.00.

11. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because Plaintiffs Kristin Renault, Phillip Renault and Julia Brucato were residents of Orange County at the Avalon Bay apartment community in Seal Beach, California and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## STATEMENT OF FACTS

12. Avalon Bay is a publicly traded real estate investment trust that develops, redevelops, acquires and manages apartment homes across the United States. According to the National Multifamily Housing Council, as of January 1, 2024 Avalon Bay owns 82,565 apartment units in the United States. Avalon Bay is the 5th largest owner of apartments in the United States.

13. In California, Avalon Bay owns and operates apartments in 55 different regions, including 38 locations in Southern California and 17 locations in Northern California. In Orange County alone Avalon Bay operates 12 apartment communities. *See* Avalon Communities, *Orange County Apartments*, available at https://www.avaloncommunities.com/california/orange-county-apartments/ (last visited on February 3, 2025). Avalon Bay not only realizes rental income from thousands of their tenants, but also from their standard operating procedures and practices of retaining security deposits of its former tenants in bad faith, by fraudulently charging former tenants amounts against, over and above their security deposits for unsubstantiated work, and oftentimes unnecessary work, work not performed and/or not the obligation of the departing tenant to pay for under California law.

14. Avalon Bay unlawfully retains former tenants' security deposits via a common practice of billing former tenants for normal wear and tear; and charging

former tenants fees for labor and services that were not performed, not required, and moreover not substantiated as required under California law. These excessive, unsubstantiated, unwarranted, unenforceable, unlawful and/or fraudulent charges, and the subsequent withholding of security deposits from these former tenants and the efforts to collect these charges over and above the security deposits, form the gravamen of the Complaint.

15. Avalon Bay's unreasonable, excessive, unlawful, unenforceable and/or unsubstantiated charges made against former tenants' security deposits often exceed the amount of the deposit held by Avalon Bay. When this occurs, Avalon Bay causes a bill, and sometimes a collections notice, to be sent to former tenants, knowing that the monies claimed are based upon fraudulent, unreasonable, excessive, unlawful, unenforceable and/or unsubstantiated move-out charges. This conduct has resulted in damages to former tenants both through the collection of such amounts and by the reporting of such alleged debts to third parties, defaming former tenants, damaging their credit and impairing their ability to rent other apartments.

16. Civil Code section 1950.5(g)(1) provides that, no later than 21 calendar days after the tenant vacates the premises, the landlord "shall furnish the tenant, by personal delivery or by first-class mail, postage prepaid, a copy of an itemized statement indicating the basis for, and the amount of, any security received and the disposition of the security, and shall return any remaining portion of the security to the tenant."

17. Civil Code section 1950.5(g)(2)(B) provides that the landlord must also include copies of documents substantiating the charges incurred and deducted by the landlord to repair or clean the premises; specifically, the "landlord shall provide the tenant a copy of the bill, invoice, or receipt supplied by the person or entity performing the work."[1]

---

[1] The "receipt requirement" of Civ. Code § 1950.5(g)(2) is excepted only when deductions for cleaning and repairs combined do not exceed $125.00.

- 5 -
**CLASS ACTION COMPLAINT**

18. Civil Code section 1950.5(g)(2)(A) provides: "If the landlord or landlord's employee did the work, the itemized statement shall reasonably describe the work performed. The itemized statement shall include the time spent and the reasonable hourly rate charged." Avalon Bay's itemizations and other documentation sent to former tenants, referred to as "Statement of Deposit Activity," by standard operating practice and procedure do not satisfy the requirements as set forth in section 1950.5(g)(2).

19. Avalon Bay's operating procedures and practices for the administration of its former tenants' security deposits uniformly and systematically violate Civil Code section 1950.5(g)(2). Avalon Bay, as a matter of standard policy and practice, does not send bills, receipts, or invoices from the third-party vendors it alleges performed work on the vacated premises. Additionally, Avalon Bay, as a matter of standard policy and practice does not describe the work allegedly performed on the vacated leasehold in the manner required by code and instead uses unlawfully vague descriptions – a uniform practice designed to obfuscate the work, if any, performed on a leasehold, who performed the work, and the cost and/or manhours of the work with the intention of wrongfully maximizing security deposit retention. By uniform and standard operating procedure, it is impossible to determine, in contravention of law, if the work Avalon Bay allegedly performed on the leasehold was performed by a vendor or an in-house employee.

///
///
///
///
///
///
///
///

**CLASS ACTION COMPLAINT**

20. Plaintiffs Kristin Renault and Phillip Renault are former tenants of Avalon Bay, formerly residing at the property known as Eaves Seal Beach, located at 333 1st Street, Seal Beach, California 90740. The Renaults leased an apartment there beginning on March 18, 2021. The lease required a security deposit of $1,000.00. The Renaults vacated the apartment on or about September 17, 2022. The Renaults never received a substantiated itemized statement regarding the disposition of their security deposit at that time, nor did they receive any such substantiated statement within 21 days after vacating. Instead, they received a statement from Avalon Bay dated October 4, 2022, which purported to deduct the following charges from their security deposit, resulting in an "Amount Due" of $1,645.31:

| Transaction Detail | | Deposits/Credits/Charges |
|---|---|---|
| Security Deposit | | -$1,000.00 |
| Pet Cat charge/rent/fee | 09/2022 - 09/2022 | $28.33 |
| Pet Dog charge/rent/fee | 09/2022 - 09/2022 | $28.33 |
| Rent Receivable | 09/2022 - 09/2022 | $1,683.00 |
| Clean Sweep Program | 10/2022 | $155.00 |
| Damage/Itemized Charges | 10/2022 | $345.96 |
| Utility service fee | Service Fee-06/16/22-07/15/22 | $4.60 |
| Utility service fee | Service Fee-07/16/22-08/15/22 | $4.60 |
| Utility service fee | Service Fee-08/16/22-09/17/22 | $4.60 |
| Sewer-Util.Vndr.Billed | Sewer-06/16/22-07/15/22 | $36.99 |
| Sewer-Util.Vndr.Billed | Sewer-07/16/22-08/15/22 | $72.87 |
| Sewer-Util.Vndr.Billed | Sewer-08/16/22-09/17/22 | $77.57 |
| Trash-Util.Vndr.Billed | Trash-06/16/22-07/15/22 | $41.51 |
| Trash-Util.Vndr.Billed | Trash-07/16/22-08/15/22 | $35.91 |
| Trash-Util.Vndr.Billed | Trash-08/16/22-09/17/22 | $38.23 |
| Water-Util.Vndr.Billed | Wtr Srvc-06/16/22-07/15/22 | $19.47 |
| Water-Util.Vndr.Billed | Wtr Srvc-07/16/22-08/15/22 | $33.10 |
| Water-Util.Vndr.Billed | Wtr Srvc-08/16/22-09/17/22 | $35.24 |

**Summary**
Amount Due by 10/19/2022 — $1,645.31

21. However, Avalon Bay did not produce any copies of documents showing charges incurred or deducted to repair or clean the premises. The statement did not describe who did the work to repair or clean, the time spent or the reasonable hourly rate charged, or a copy of an invoice for a third party who performed the work, or any bill or receipt for materials or supplies used to repair or clean the unit. To date, Avalon Bay has never produced to the Renaults any vendor receipts for the alleged repairs or cleaning. Nor have they produced any statement of the work

1  performed, the hours of work, and the hourly rate for the work allegedly performed
2  addressing any damage or cleaning. Nor have they provided any bill or documents
3  relating to fees assessed for utility service, sewer, trash, or water.

4      22.    Plaintiff Julia Brucato is a former tenant of Avalon Bay, formerly
5  residing at the property known as Eaves Seal Beach, located at 333 1st Street, Seal
6  Beach, California 90740. Ms. Brucato leased an apartment there beginning on
7  December 10, 2018. The lease required a security deposit. Ms. Brucato vacated the
8  apartment on or about June 4, 2024. Ms. Brucato never received a substantiated
9  itemized statement regarding the disposition of her security deposit at that time, nor
10 did she receive any such substantiated statement within 21 days after vacating.
11 Instead, she received a statement from Avalon Bay dated June 20, 2024, which
12 purported to deduct from her security deposit, among other things:

- Storage charge/rent, 02/2024-06/2024:     $372.00
- Storage charge/rent, 02/2024-06/2024:     $555.33
- Liability Only Charge, 02/2024-06/2024:   $50.00
- Technology Connect:                        $413.33
- Damage/Itemized Charges:                   $859.65

18 The statement also included numerous charges for "Gas/HWE-Util.Vndr.Billed,"
19 "Utility Service Fee," "Sewer- Util.Vndr.Billed," "Trash- Util.Vndr.Billed," and
20 "Water- Util.Vndr.Billed" (together referred to as "Utility Charges") covering the
21 period from January 16, 2024 through June 4, 2024, totaling over $550.00. In total,
22 the statement demanded that Ms. Brucato pay $4,288.85.

23     23.    However, Avalon Bay produced only one vendor receipt for the utility
24 fees only covering the period from April 16 to June 4, 2024. No other bills or
25 supporting documentation was provided for the various Utility Charges. Avalon Bay
26 also produced a document entitled "Itemized Apartment Receipt," which merely
27 shows the task, whether the work was done by an Avalon Bay employee or third
28 party, and the "Final Cost," totaling $859.65. For the work done by Avalon Bay's

Ray Kim Law, APC
112 E. Amerige Ave., Suite 240
Fullerton, CA 92832

- 8 -
**CLASS ACTION COMPLAINT**

employee for "Wall Repair" ($150.28) and "Trash Removal" ($267.24), Avalon Bay did not include the time spent by its employee or the reasonably hourly rate of its employee. Avalon Bay also did not produce any bills, invoices, or receipts from the two third party vendors who allegedly completed "Carpet Pad Replacement" ($142.13) and "Apartment Cleaning" ($300.00). It also did not provide an invoice or receipt for the carpet pad. To date, Avalon Bay has never provided Plaintiffs with any vendor receipts for the alleged carpet pad replacement or apartment cleaning. Nor have they produced any statement of the hours of work, and the hourly rate for the work performed by its employee in allegedly repairing a wall or removing trash. The deductions for "Storage charge/rent," "Liability Only Charge," and "Technology Connect" are also not supported by documentation from Avalon Bay and their basis remains a mystery.

24. The Civil Code sets forth requirements for the treatment of security deposits upon termination of a residential lease, *inter alia*, section 1950.5(b) provides that a landlord may only use a security deposit to satisfy charges against a former tenant for: (1) rent in arrears; (2) repairs exclusive of wear and tear; (3) cleaning required to bring the leasehold back to the condition it was in when the tenant accepted the tenancy; and (4) "to remedy future defaults by the tenant in any obligation under the rental agreement to restore, replace, or return personal property or appurtenances" if provided for in the lease.

25. Section 1950.5(g)(1) requires that the balance of security deposits and an itemization of their disposition must be provided to the departing tenant within 21 days of vacating the leasehold.

26. Section 1950.5(g)(2) describes the substantiation required to be sent to former tenants for charges levied against security deposits – a reasonable description of work performed by employees including hours worked and hourly rate charged; and, for work by third party vendors, copies of invoices and receipts from the vendors

- 9 -
**CLASS ACTION COMPLAINT**

who performed work, including name, address and telephone number of the third party vendor.

27. Section 1950.5(g)(2) also provides that if a deduction is made for materials or supplies, such as a carpet pad, then the landlord must provide a copy of the bill, invoice or receipt.

28. Section 1950.5(m) provides that no portion of a security deposit may be deemed nonrefundable by operation of the lease.

29. Avalon Bay in this action systematically, uniformly, and in bad faith has violated the Civil Code to the detriment of thousands of Californians over many years by charging for repairs, replacement, and cleaning that were never done or paid for by Avalon Bay; a practice obscured by intentionally failing to itemize and substantiate repairs, replacement and cleaning pursuant to California law, if they were done. As such, these former California tenants of Avalon Bay have each been deprived of some or all of their security deposits which Avalon Bay was legally obligated to return to its tenants at the conclusion of their respective leases.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs re-allege and incorporate by reference the allegations of all preceding paragraphs.

31. Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), based on the following class definitions (the "Classes"):

> **Unsubstantiated-Charges Class**: All former residents of Avalon Bay's properties whose leaseholds terminated between February 11, 2021 to present, and who had at least $125 of their security deposit retained for cleaning, repairs and/or replacements combined.

> **Debt Collection Class:** All former residents of Avalon Bay's properties who had at least $125 of their security deposit retained for cleaning, repairs and/or replacements combined and were issued a "Statement of Deposit Activity" seeking an "Amount Due" or other

collection notice seeking the "Amount Due" based on the Statement of Deposit Activity, during the relevant statute of limitations period.

32. Excluded from the Classes are: (1) Avalon Bay, any entity or division in which Avalon Bay has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiffs reserve the right to amend or expand the Classes' definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33. Plaintiffs and members of the Unsubstantiated-Charges Class were harmed by the acts of Avalon Bay in at least the following ways: Avalon Bay charged for repairs, replacement, and/or cleaning that was never done or paid for by Avalon Bay; Avalon Bay intentionally failed to itemize and substantiate repairs, replacement and cleaning pursuant to California law, if they were done; California tenants of Avalon Bay have each been deprived of some or all of their security deposits which Avalon Bay was legally obligated to return to its tenants at the conclusion of their respective leases.

34. Common questions of fact and law exist as to all members of the Unsubstantiated-Charges Class, which predominate over any questions affecting only Plaintiff or individual members of the Unsubstantiated-Charges Class. These common legal and factual questions, which do not vary between the Unsubstantiated-Charges Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    i. Whether Avalon Bay enacted procedures or engaged in a pattern and practice in violation of Civil Code section 1950.5(g)(1) of failing to provide itemized statements detailing charges for repairs or cleaning deducted from security deposits of its former tenants within 21 days of move out.

- 11 -
**CLASS ACTION COMPLAINT**

    ii. Whether Avalon Bay enacted procedures or engaged in a pattern and practice of failing to provide copies of vendor-supplied bills, receipts or invoices for repairs or cleaning deducted from security deposits of its former tenants within 21 days of move out.

    iii. Whether Avalon Bay' uniform security deposit itemizations satisfy the requirements for any alleged "employee performed work" on vacated leaseholds under Civil Code section 1950.5(g)(2)(A).

    iv. Whether Avalon Bay's uniform security deposit itemizations satisfy the requirements for any alleged "vendor performed work" on vacated leaseholds under Civil Code section 1950.5(g)(2).

    v. Whether Avalon Bay's conduct was unlawful;

    vi. Whether Avalon Bay, by operation of law, is barred from seeking recovery for amounts which could legitimately have been charged at move out due to their systematic and bad faith violation of Civil Code section 1950.5 and other equitable or statutory provisions of law.

    vii. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation;

    viii. Whether Avalon Bay's conduct was in bad faith thereby providing for statutory damages of twice the amount of the Class members' security;

    ix. Whether *Granberry v. Islay Investments,* 9 Cal. 4th 738 mandates that the Defendant return all of the security deposit retained from the Class for its uniform violation of Civil Code section 1950.5; and

    x. Whether Employer Avalon Bay should be enjoined from engaging in such conduct in the future.

35. As tenants who were issued defective post-move out security deposit statements, Plaintiffs are asserting claims that are typical of the Unsubstantiated-Charges Class.

36. Plaintiffs and members of the Debt Collection Class were harmed by the acts of Avalon Bay in at least the following ways: Avalon Bay sent unlawful Statements of Deposit Activity and/or collection notices to Plaintiffs and Debt Collection Class members for amounts that they did not owe and were not past due, and this statutory violation caused Plaintiffs and Debt Collection Class members to expend time and costs in communicating with Avalon Bay to resolve Avalon Bay's error and emotional distress.

37. Common questions of fact and law exist as to all members of the Debt Collection Class, which predominate over any questions affecting only Plaintiffs or individual members of the Debt Collection Class. These common legal and factual questions, which do not vary between the Debt Collection class members, and which may be determined without reference to the individual circumstances of any Debt Collection Class members, include, but are not limited to, the following:

   A. Whether, within one year prior to the filing of this Complaint, Avalon Bay sent a "Statement of Deposit Activity" seeking an "Amount Due" or collection notice seeking an Amount Due based on the unlawful Statement of Deposit Activity to a Debt Collection Class member;

   B. Whether Plaintiff and the Debt Collection Class members were damaged thereby, and the extent of damages for such violation; and

   C. Whether such conduct is unlawful;

   D. Whether Avalon Bay should be enjoined from engaging in such conduct in the future.

38. As a person received a Statement of Deposit Activity demanding an "Amount Due" and debt collection notice for non-payments relating to the Amount Due, Plaintiffs are asserting claims that are typical of the Debt Collection Class.

**CLASS ACTION COMPLAINT**

39. The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Classes is currently unknown to Plaintiffs at this time. However, given that Avalon Bay has 98 apartment communities in California with a total of 29,414 apartment units with hundreds of thousands of tenants in California each year, the members of each of the Class are so numerous that joinder of all members is impracticable.[2] The disposition of their claims in a class action is an efficient and superior method to individual actions and will provide substantial benefits to the parties and the Court.

40. Plaintiffs will fairly and adequately protect the interest of the members of the Classes because Plaintiffs have no interests which are adverse to the interest of absent class members and because Plaintiffs have retained counsel who possess significant class action litigation experience regarding alleged violations of consumer statutes.

41. A class action is superior to other available methods of fair and efficient adjudication of this controversy because individual litigation of each of the claims of the members of the Classes is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Classes.

42. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical

---

[2] *See* Avalon Bay Communities, 10-K, February 23, 2024 (available at https://investors.avalonbay.com/sec-filings/all-sec-filings/content/0000915912-24-000004/avb-20231231.htm).

matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

43. Avalon Bay has acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION
## CALIFORNIA SECURITY DEPOSIT ACT
## Cal. Civil Code § 1950.5
**(On Behalf Of Plaintiffs And The Unsubstantiated-Charges Class)**

44. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

45. This cause of action is brought against Avalon Bay on behalf of Plaintiffs and the Class.

46. Avalon Bay charged unsubstantiated cleaning, repair, and/or replacement fees to Plaintiffs and the Class upon the termination of their leasehold and deducted these charges from their security deposits.

47. Avalon Bay did not provide a copy of an itemized statement indicating the basis for, and the amount of, any security received and the disposition of the security within 21 days of Plaintiffs' and the Class vacating the respective leased premises owned and managed by Avalon Bay. Avalon Bay did not provide the requisite substantiation of the charges against Plaintiffs' and the Plaintiff Class's security deposits as required under Civil Code section 1950.5(g)(2).

48. Avalon Bay, as a result of these charges, unlawfully retained some or all of Plaintiffs' and the Plaintiff Class's security deposits.

49. Avalon Bay engaged in the above-described misconduct in bad faith.

50. As a direct and proximate cause of Avalon Bay' conduct, Plaintiffs and the Plaintiff Class suffered damages and Avalon Bay is liable for statutory damages of twice the amount of Class members' security deposits.

## SECOND CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### California Civil Code §1788, *et seq*.

### (On Behalf Of Plaintiff Julia Brucato And The Debt Collection Class)

51. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

52. Avalon Bay is a debt collector under the Rosenthal Act.

53. Plaintiff Julia Brucato is a "debtor" within the meaning of the Rosenthal Act.

54. Avalon Bay's acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to the violations of Section 1788.17.

55. Avalon Bay violated California Civil Code section 1788.17 (via incorporation of 15 U.S.C. § 1692e), by making false, deceptive and/or misleading representations in an attempt to collect on amounts that were not collectable. This included but is not limited to, falsely stating in security deposit statements that Plaintiff Brucato owed hundreds to thousands of dollars and attempting to collect on unsubstantiated charges that Plaintiff Brucato did not owe by virtue of Avalon Bay's failure to comply with the Security Deposit Act.

56. As a result of Avalon Bay's violations, Plaintiff Brucato is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION LAW

### California Business & Professions Code §17200

### (Against All Avalon Bay)

57. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

58. The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief as a remedy for any violations of the UCL.

59. Beginning on an exact date unknown to Plaintiffs, but at all times relevant herein, Avalon Bay has committed acts of unfair and unlawful competition proscribed by the UCL, including the practices alleged herein. The acts of unfair competition include the following:

    a. Charging unsubstantiated cleaning, repair, and/or replacement fees to Plaintiffs and the Class upon the termination of their leasehold and deducting these charges from their security deposits.

    b. Failing to provide a copy of an itemized and/or substantiated statement indicating the basis for, and the amount of, any security received and the disposition of the security within 21 days of Plaintiffs' and the Class vacating the respective leased premises owned and managed by Avalon Bay.

    c. Unlawfully retaining some or all of Plaintiffs' and the Unsubstantiated-Charges Class's security deposits.

    d. Making false, deceptive and/or misleading representations in an attempt to collect on amounts that were not collectable, including but not limited to falsely stating in security deposit statements that Plaintiff Brucato owed hundreds to thousands of dollars and attempting to collect on unsubstantiated charges that Plaintiff did not owe by virtue of Avalon Bay's failure to comply with the Security Deposit Act.

- 17 -
**CLASS ACTION COMPLAINT**

60. Avalon Bay's unlawful conduct has caused and continues to cause substantial injury to Plaintiffs and the members of the Classes. As a result of Avalon Bay's unfair and unlawful conduct, Plaintiffs lost money and/or property, including entirety of their security deposits.

61. The business acts and practices of Avalon Bay, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to tenants. These acts and practices have no utility that outweighs their substantial harm to consumers and prospective employees.

62. The unlawful and unfair business acts and practices of Avalon Bay described herein present a continuing threat to Plaintiffs and members of the general public in that Avalon Bay is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

63. Pursuant to Business and Professions Code § 17203, Plaintiffs seek an injunction and public injunctive relief ordering that, moving forward:

    a. Avalon Bay timely issue to tenants who have vacated the premises itemized statements listing the charges incurred and deducted by Avalon Bay to repair or clean the premises, in compliance with Civil Code § 1950.5(g);

    b. Avalon Bay create and implement policies and procedures to provide itemized statements compliant with Civil Code § 1950.5(g);

    c. Avalon Bay cease from attempting to collect Amounts Due based on defective Statements of Deposit Activity from Class members.

64. Pursuant to Code of Civil Procedure § 1021.5 and Federal Rule of Civil Procedure 23(h), Plaintiff seeks recovery of his attorney's fees, costs and expenses incurred in the filing and prosecution of this action

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against Avalon Bay, and Plaintiffs be awarded the following legal and equitable relief:

1. Certifying the Class and pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), certifying Plaintiffs as the representatives of the Class, and designating their counsel as counsel for the Class;

2. Restitution;

3. Actual and compensatory damages for injuries suffered by Plaintiffs and the Classes;

4. Statutory damages pursuant to Civil Code § 1950.5(l);

5. Punitive/exemplary damages;

6. Injunctive/preventative relief ordering that, moving forward, Avalon Bay timely issue to tenants who have vacated the premises itemized statements listing the charges incurred and deducted by Avalon Bay to repair or clean the premises, in compliance with Civil Code § 1950.5(g);

7. Injunctive/preventative relief ordering that, moving forward, Avalon Bay create and implement policies and procedures to provide itemized statements compliant with Civil Code § 1950.5(g);

8. Injunctive relief ordering that, moving forward, Avalon Bay cease from attempting to collect Amounts Due based on defective Statements of Deposit Activity from Class members;

9. Reasonable attorney's fees and costs to bring and maintain the instant action; and

10. For such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

**CLASS ACTION COMPLAINT**

| | | |
|---|---|---|
| Dated: April 9, 2025 | | RAY KIM LAW, APC |

*/s/ Raymond Y. Kim*
Raymond Y. Kim

LAW OFFICES OF RICHARD KIM

*/s/ Richard Kim*
Richard Kim

Attorneys for Plaintiffs
Kristin Renault, Phillip Renault, and Julia Brucato